UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RONALD GOMEZ,

                         Plaintiff,

         -against-

J.R. HYCEE CONYEOR CO., INC.,

                         Defendant.
----------------------------------------------------------------X

**ORDER**

CV 06-2827 (NGG)(ARL)

**LINDSAY, Magistrate Judge:**

      By order dated December 26, 2007, District Judge Garufis referred the motions by non-party United Parcel Service, Inc. ("UPS") and plaintiff Ronald Gomez ("Gomez") to quash the subpoena *duces tecum* of defendant J.R. Hycee Conveyor Co., Inc. ("Hycee"), for decision. For the reasons that follow, the motions are denied.

      Plaintiff filed this diversity action on June 6, 2006 as a result of an injury he sustained while working for UPS. The parties have stipulated to the following facts. Defendant, Hycee, fabricated, assembled and installed portions of a portable incline conveyor for UPS. (JPTO at 5). No operating manuals, safety instructions or warning labels were provided by Hycee. (Id.). On November 7, 2005, the plaintiff grabbed the conveyor belt to align it to be flush with the wall of a loading bay. (Id.). While in the process of moving the conveyor, it became energized and the belt started unexpectedly. (Id. at 6). Plaintiff's right hand became entrapped between a rotating conveyor pulley and the moving belt. (Id.). As a result, the plaintiff suffered a partial amputation of the third and fourth fingers of his right hand. (Id.). The complaint alleges claims against Hycee for negligence, strict products liability, breach of the implied warranty of merchantability, breach of express warranty and assumption of strict liability and assumption of breach of warranty.

      The subpoena at issue calls for UPS to produce various schematics and blueprints relating to the conveyor in question. UPS moves to quash the subpoena on the ground that it calls for the production of confidential and proprietary information, the disclosure of which may result in serious harm to the company's competitive position. Hycee argues that it did not design the conveyor belt system at issue, but, rather, manufactured it pursuant to designs, drawings and specifications provided by UPS. Given the design defect allegations, Hycee asserts that the schematics and blueprints it seeks by subpoena are highly relevant to the issues in this case and that to deny Hycee access to these documents would be highly prejudicial.

      As a threshold matter, it should be noted that the plaintiff lacks standing to object to this subpoena given the absence of any personal interest in the documents sought. See Ehrlich v. Inc.

Village of Sea Cliff, No. CV 04-4025(LDW), 2007 WL 1593211 (E.D.N.Y. May 31, 2007). To the extent the plaintiff objects to their use at trial, that objection must be raised with the trial court.

Federal Rule of Civil Procedure 45(c)(3)(B)(i) permits the issuing court to quash or modify a subpoena if it requires: (i) disclosing a trade secret or other confidential, research, development or commercial information; . . . ." Fed. R. Civ. P. 45(c)(3)(B)(i). Hycee's proposal to enter into a protective order limiting the use of the documents produced to this litigation and requiring their return at the conclusion of this litigation, adequately addresses UPS's interest in keeping its proprietary information confidential. Accordingly, the undersigned will so order a protective order in this regard to be submitted to the court by January 9, 2008. Following the entry of a protective order, UPS shall produce the documents.

Dated: Central Islip, New York  **SO ORDERED:**
January 3, 2008

_____/s/_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge