UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RONALD GOMEZ,

                Plaintiff,                         MEMORANDUM & ORDER

      -against-                                06-CV-2827 (NGG) (ARL)

J.R. HYCEE CONVEYOR CO., INC.,

                Defendant.
-----------------------------------------------------------------X

NICHOLAS G. GARAUFIS, U.S. District Judge.

      This is an action for products liability against Defendant J.R. Hycee Conveyor Co., Inc. ("J.R. Hycee" or "Defendant"), which fabricated, assembled, and installed a portable incline conveyor on behalf of its vendee, the United Parcel Service of America, Inc. ("UPS") for use at UPS's facility in Uniondale, New York. (See Memorandum of Points and Authorities in Support of Plaintiff's Motion in Limine ("Pl. Mem."), Joint Pre-Trial Order, Exhibit A ("Agreed Stipulation of Facts").) Plaintiff Ronald Gomez ("Gomez" or "Plaintiff"), an employee of UPS, was allegedly in the process of aligning the conveyor to be flush with the wall of a loading bay when his right hand was trapped between a rotating conveyor pulley and a moving belt, which caused him to suffer a partial amputation of his right middle finger below the knuckle and partial amputation of his right hand ring finger above the knuckle. (Id.) The court is now presented with Plaintiff's Motion in Limine requesting that the court preclude Defendant from introducing testimony that it is immune from liability because it relied solely on specifications provided by UPS, a non-party to this lawsuit, when it designed and manufactured the conveyor that allegedly caused Plaintiff's injury. For the reasons that follow, Plaintiff's motion in limine is denied.

      Plaintiff argues that Defendant is not relieved of liability on the ground that the conveyor

in question was produced in accordance with UPS's specifications. (Pl. Mem. at 7.) Gomez contends that, under New York law, unlike a component manufacturer, the manufacturer of an entire conveyor is not relieved of liability on the ground that the conveyor was produced in accordance with the specifications of the plaintiff's employer. (Id. (citing Czerniejewski v. Steward-Glapat Corp., 236 A.D.2d 795, 796, 653 N.Y.S.2d 742, 743 (4th Dept. 1997).) As a result, Plaintiff has moved to preclude Defendant from relying on "testimony and documents in furtherance of its theory that it is not liable in the defective design and manufacture of its conveyor because it was allegedly produced from specifications provided by UPS." (Pl. Mem. at 8.)

As the case is brought in products liability, a key issue for the jury to decide is whether the conveyor was defectively designed. Furthermore, Plaintiff's reliance on Czerniejewski is inapposite to the extent that Defendant plans to argue that Hycee "only manufactured certain portions of the conveyor in question." (Affirmation in Opposition to Motion in Limine ("Def. Mem.") ¶ 17 (citing Agreed Stipulation of Facts).) Although Plaintiff clearly takes issue with this defense, arguing that Plaintiff has "amply demonstrated that the conveyor in question was, upon final delivery, a complete unit," (Reply to Affirmation in Opposition to Motion in Limine ("Pl. Reply") at 6), Defendant notes that it intends to introduce evidence that it –

> "did not design, manufacture, or install the electrical switches, controls or electrical wiring associated with the subject conveyor, which the plaintiff claims became unexpectedly energized while he was attempting to move same throughout the UPS facility. Moreover, [Hycee] did not supply the actual belt associated with the conveyor, nor was it responsible for supplying and installing warning labels and/or manuals. This was all supplied and installed by the plaintiff's employer, UPS."

2

(Def. Mem. ¶ 18.) Defendant claims that there is evidence in the record to support this claim, including the testimony of Joseph Dobosz ("Dobosz"), Hycee's president, and others who have testified in depositions about receiving the specifications for parts of the conveyor belt from UPS. (Id. ¶¶ 19-21.) Plaintiff further contends that Defendant should not be allowed to rely on "any specifications provided to UPS to shield it from liability" because those specifications were only "general guidelines." (Pl. Mem. at 9.)

As the issue of defective design is clearly a question of fact for this jury, the court agrees with Defendant that the jury is entitled to hear whether Defendant was a designer and manufacturer of the entire conveyor in question or, alternatively, whether those portions Hycee manufactured were fabricated pursuant to the designs, specifications and instructions of UPS, Plaintiff's employer. Furthermore, the court finds that the jury may see drawings and specifications relied upon by Defendant in fabricating the conveyor and its component parts, as those design documents go to a key issue of fact in the case, namely whether UPS's specifications for the conveyor were simply "general guidelines" or, rather, detailed design documents. Hycee and Gomez disagree whether the Hycee or UPS documents are the true design documents for the conveyor, and the jury is entitled to see those documents to determine this question of fact.

Thus, Plaintiff's motion to preclude the UPS documents at the time of trial in support of its defense that it did not design the conveyor, is denied.

SO ORDERED.

Dated: January 15, 2008          /s Nicholas G. Garaufis
    Brooklyn, N.Y.          NICHOLAS G. GARAUFIS
         United States District Judge